UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATHAN WILLIAMS,

                Plaintiff,

v.                                              Case No. 20-cv-1659-pp

DILIP TANNAN, DORRIE HANSEN,
and CINDY O'DONNELL,

                Defendants.

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO RECRUIT COUNSEL (DKT. NO. 17)

The court allowed plaintiff Nathan Williams to proceed on Eighth Amendment claims against three defendants. Dkt. No. 10. The plaintiff since has asked the court to appoint a lawyer to represent him. Dkt. No. 17.

The plaintiff says he wrote letters to seven lawyers about taking his case, but that none agreed to represent him because of "the case loads they have." Id. at ¶¶1–2. He asserts that his case has merit and that "this court has agreed that plaintiff has merit at the screening order of the plaintiff complaint." Id. at ¶3. He says his case will require medical experts, will involve conflicting testimony and will require counsel's assistance "to present evidence and cross examine the witnesses." Id. at ¶¶4–5. The plaintiff says he has no legal knowledge and no prior litigation experience. Id. at ¶6. He says an incarcerated person named Matthew Stechauner is a jailhouse lawyer and was assisting him, but Stechauner now is on a different unit and can no longer assist the plaintiff. Id. at ¶7. Both the plaintiff and Stechauner filed affidavits in support

1

of the plaintiff's motion. Dkt. Nos. 19, 20. Those affidavits reiterate the points made in the plaintiff's motion. The plaintiff also filed disbursement requests for postage for the letters he sent to the seven attorneys or firms. Dkt. No. 17-2. He did not attach any of the letters he sent or any responses he received from those attorneys or firms.

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To do so, the plaintiff must show he contacted at least three lawyers and

provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490–91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff did not attach any response letters from attorneys or law firms he contacted about his case. He instead attached the disbursement requests to cover the postage costs to mail those letters. But the plaintiff says

3

Case 2:20-cv-01659-PP    Filed 10/04/22    Page 3 of 6    Document 23

all seven attorneys or firms told him they could not take his case at this time because of their current caseloads. The plaintiff does not say whether any of the attorneys commented on the potential merit of his claims. The court finds that the plaintiff has demonstrated that he attempted to recruit an attorney on his own before asking for the court's assistance. These efforts satisfy the first Pruitt inquiry.

But the court concludes that the plaintiff has not satisfied the second Pruitt inquiry. The plaintiff says he previously had the assistance of another incarcerated person in drafting his pleadings but now no longer has that assistance. That other incarcerated person avers that he was able to help the plaintiff draft his motion for counsel but will no longer be able to help him. Dkt. No. 20. The plaintiff says that his case involves complex questions, and that he has no legal knowledge or training to assist him in litigating the case. But those circumstances are not unique to him or to this case. The court understands the difficulty incarcerated persons face litigating cases on their own, especially when it is their first lawsuit (as this is for the plaintiff). But as the court noted above, the plaintiff is not entitled to an attorney to represent him in this civil case, and there are not enough attorneys willing and able to represent plaintiffs free of charge. That the plaintiff is on his own is not a sufficient basis for the court to conclude that he needs counsel to litigate this matter effectively.

The plaintiff believes that his case has merit and asserts that the court agreed with his assessment by allowing his case to proceed beyond screening.

But at screening, the court does not decide whether a plaintiff is likely to succeed on his claims. At screening, the court must accept as true the allegations in the complaint and determine only whether those allegations state a *plausible* claim for relief. That is a very low threshold. The fact that the court allowed some of the plaintiff's claims to proceed does not necessarily mean they have merit; it means only that the plaintiff's allegations, *if true*, could state a claim for relief.

The plaintiff asserts that counsel is better suited to gather and present evidence and cross examine witnesses at trial. That may be true, but at this stage in the case, it is premature to talk about trial. The parties have until January 30, 2023 to file dispositive motions. Dkt. No. 16. If the defendants file such a motion, and the court denies it, at that point the case *may* proceed to trial. If that happens, the plaintiff may renew his request for the court to appoint him a lawyer.

At this point, the defendants have answered the complaint but have not yet given their side of the story. Discovery has only just begun, and the parties should be collecting information from each other. As the case progresses, the legal and factual issues may become too complex for the plaintiff, his circumstances may change or he may find himself unable to obtain the information he believes he needs to prove his claims. If that occurs, and if additional time does not resolve the issue, it may be appropriate for the court to try to recruit counsel to represent the plaintiff. At this early stage of the

5

Case 2:20-cv-01659-PP   Filed 10/04/22   Page 5 of 6   Document 23

proceedings, however, the court finds that the plaintiff has not demonstrated that he requires the assistance of counsel to present his case.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to recruit counsel. Dkt. No. 17.

Dated in Milwaukee, Wisconsin this 4th day of October, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**