UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATHAN WILLIAMS,

                      Plaintiff,

v.                                                  Case No. 20-cv-1659-pp

DILIP TANNAN, DORRIE HANSEN
and CINDY O'DONNELL,

                      Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DKT. NO. 87) AND SETTING DEADLINE FOR PLAINTIFF TO NOTIFY THE COURT IF HE HAS ANY FURTHER DISCOVERY REQUESTS**

      Plaintiff Nathan Williams is proceeding on Eighth Amendment claims against officials from Oshkosh Correctional Institution. Dkt. No. 10. On November 9, 2022, the court received a motion from the plaintiff asking the court to compel the defendants to respond to his discovery requests, which he said had gone unanswered over thirty days since he served them. Dkt. No. 24. On December 29, 2022, after the court ordered the defendants to respond to the motion, the court denied the motion as moot because the plaintiff filed it prematurely—before the sixty-day deadline for the defendants to respond to his discovery requests had elapsed. Dkt. No. 31 (citing Dkt. No. 16 at 1, n.1). The court also explained that the defendants had responded to the plaintiff's motion and averred that they since had timely responded to all the plaintiff's discovery requests. Id. (citing Dkt. No. 27 at 2). The court granted the plaintiff's request for an extension of time to complete discovery and file dispositive

motions. Id. The court ordered the parties to complete discovery by February 13, 2023 and to file dispositive motions by March 15, 2023. Id.

On January 18, 2023, the court received the plaintiff's motion for sanctions. Dkt. No. 33. He asserts that he served his discovery requests on September 22, 2022, then filed his premature motion to compel because he was "confused beening [sic] his first time" litigating. Id. at 1. He says he also sent defense counsel requests for admissions and for production of documents, in which he asked defense counsel "to authenticate, verify" that the copies he had of his medical files were "true and accurate copies." Id. He says defense counsel "have full access to any record of the[ir] choice," so they could have "checked to see if the record held any of the documents that the plaintiff submitted were true and accurate copies." Id. at 1–2. He also asked for progress notes, medical records and copies of his Health Service Unit (HSU) request forms. Id. at 2. The defendants responded to his requests by telling him "please see the certified DOC Medical records . . . which would include any HSU-3035 forms." Id. He says the defendants merely "claim[ed] they [sic] record to be accurate." Id. The plaintiff again requested his HSU forms, but he says the defendants responded only to the court. Id.; see Dkt. Nos. 26, 27.

The plaintiff says the defendants "had plenty of chance's [sic] to correct they [sic] mistake," but they violated Federal Rule of Civil Procedure 34 and "they tr[i]ed covering up the violation be sending the documents to the legal liaison" at his prison, who provided the documents to the plaintiff. Dkt. No. 33 at 2. The plaintiff says that on December 24, 2022, he asked to view his HSU

file, and he was given his medical files on January 6, 2023. Id. at 2–3. The plaintiff says he already had the documents he was given, and HSU staff told him to put in another request for all other files. Id. at 3. He says that "[t]he Defendants knew that the plaintiff was closing in," so they "then decided to hand over the damaging evidence in the case." Id. He claims the defendants attempted to deceive him and the courts by "[w]ithholding evidence that is key in a case can deliver victory for either party [*sic*]." Id.

The plaintiff points to the court's warning that he comply with court orders or face dismissal of his lawsuit. Id. He asks whether the defendants "suffer the same fate as the plaintiff" if they fail to follow court orders and rules. Id. He questions whether "this [was] just coincidence that the plaintiff was days away from getting the documents he was demanding" before the defendants provided them to him. Id. at 4. He cites a letter from defense counsel in which they assert "they also just found out that they wasn't [*sic*] given all of the documents out of the medical record." Id.; Dkt. No. 33-1 at 1. He suggests that if he had not persisted in his attempts to receive those documents, "who's to say the Defendants would of came forward with the documents." Dkt. No. 33 at 4. He claims he "has showed [*sic*] and exposed the Defendants reckless behavior" and that the "[o]nly thing left to discuss are the damage[s] that was cause[d] by the Defendants actions." Id.

The plaintiff claims he "spent sleepless nights trying to find other ways" to receive this information. Id. He says he spent "priceless man hours" trying to research case law to support his arguments, contacted jailhouse lawyers about

his issue and purchased case studies from the library in lieu of spending his money on hygiene and commissary items. Id. He says he suffered "unwanted stress," increased blood pressure, "extreme headaches" and loss of appetite and thirty-five pounds of bodyweight. Id. at 4–5.

The plaintiff asks the court to grant him one of two remedies. Id. at 5. He asks the court to forgo summary judgment and allow him to proceed directly to trial, and he asks that the court award him $5,000 in damages for the stress this process has caused him.[1] Id. Alternatively, the plaintiff asks the court to "rule in his favor on the whole case" and award him his requested relief of $750,000. Id. He says the defendants' actions "made a mockery of the Court by lying, breaking the rules and order, also trying to cover it up." Id.

The defendants agree that they received the plaintiff's first set of discovery requests in September 2022—they say they received them on September 23, 2022—and say they responded on November 21, 2022 and supplemented that response the next day. Dkt. No. 34 at 1–2. (citing Dkt. No. 27 at 2). They say they provided additional discovery on January 9, 2023, which included the additional medical records that the Department of Corrections previously had not provided to them. Id. at 2. Defense counsel explains that the supplemental records "were from an institution where [the plaintiff] had previously been housed and were inadvertently not included with

---

[1] Despite his request to proceed directly to trial, the plaintiff has since filed a motion for summary judgment and a brief in support. Dkt. No. 38. The court will address that motion, and the plaintiff's motion for default judgment (Dkt. No. 39), in a separate order.

4

the records initially provided to Defendants by DOC." Id. Defense counsel assert that they "promptly provided" those additional records to the plaintiff after receiving them. Id.; Dkt. No. 35-1. The defendants contend that the plaintiff's request for sanctions is moot, but they do not oppose an additional extension to the discovery deadline "to allow [the plaintiff] adequate time to complete any further discovery requests." Dkt. No. 34 at 2. The plaintiff did not file a reply contesting the defendants' assertions or opposing the offer to further extend the discovery deadline.

The defendants attached a declaration from defense counsel averring the truth of the matters asserted in their response brief. Dkt. No. 35. They also attached an email from Jason Rothenhoefer, the Health Information Supervisor from Dodge Correctional Institution. Dkt. No. 35-2. Rothenhoefer explains that the prison had not previously sent "the full records requested" because of "the way DOC is organized," which does not include "one central medical records custodianship (responsible for certification of records) for all requests." Id. Mr. Rothenhoefer avers that he requested expedited completion of the defendants' request for the plaintiff's records. Id.

The court has "inherent authority to sanction litigants for abuse of process, up to and including dismissing the lawsuit." Waivio v. Bd. of Trustees of Univ. of Ill. at Chi., 290 F. App'x 935, 937 (7th Cir. 2008). The severity of any sanction "should be proportionate to the gravity of the offense." Id. (citing Allen v. Chi. Transit Auth., 317 F.3d 696, 703 (7th Cir. 2003)). In determining an appropriate sanction, the court must consider "the extent of the misconduct,

5

the ineffectiveness of lesser sanctions, the harm from the misconduct, and the weakness of the case." Donelson v. Hardy, 931 F.3d 565, 569 (7th Cir. 2019) (citing cases).

The court will deny the plaintiff's motion. The defendants' response and attachments show that they did not intentionally withhold information or attempt to conceal the plaintiff's medical records. Instead, there was a delay in processing the defendants' request for the plaintiff's medical records because of the organization of the DOC—something for which the defendants are not responsible. Once the DOC provided the complete records that the defendants requested, the defendants promptly sent them to the plaintiff. The plaintiff's suggestion that "this [was] just coincidence that the plaintiff was days away from getting the documents he was demanding" when the defendants sent them to him appears to be exactly what happened. Dkt. No. 33 at 4. The court understands the plaintiff's frustration about the delay, and it is unfortunate that the plaintiff suffered because of his concern about those records. But there is no evidence that the defendants intentionally or recklessly caused the delay that led to the plaintiff's overreaction. There is no basis for the court to sanction the defendants, to proceed to trial or to award the plaintiff damages.

The court has taken far too long to rule on this motion. The deadline for the parties to complete discovery expired months ago, on February 13, 2023 (ten days after the defendants responded to the plaintiff's motion for sanctions). Dkt. No. 31. The summary judgment deadline was March 15, 2023. Id. Despite his pending motion for sanctions, on February 21, 2023—just a week after it

received the sanctions motion and almost three weeks *before* the summary judgment deadline—the court received from the plaintiff both a motion for summary judgment (Dkt. No. 38) and a motion for default judgment (Dkt. No. 39). At the request of the defendants, the court modified the summary judgment deadline, extending it to March 24, 2023. Dkt. No. 41. The defendants filed their motion for summary judgment on March 24, 2023. Dkt. No. 43. The motions now are fully briefed.

In their response to the plaintiff's motion for sanctions, despite asserting that they had provided the plaintiff with all the discovery he'd requested, the defendants nonetheless stated that they would not object to an extension of the discovery deadline "to allow [the plaintiff] adequate time to complete any further discovery requests." Dkt. No. 34 at 2. Given that the plaintiff has filed a summary judgment motion and a default judgment motion and has responded to the defendants' summary judgment motion, it seems unlikely he has any further discovery requests. Indeed, the plaintiff's motion for sanctions indicates that he received the documents he sought. In an abundance of caution, however, the court will give the plaintiff a short deadline by which to advise the court whether he has any further discovery demands. If he does not, the court will rule on the parties' summary judgment motions and on the plaintiff's motion for default judgment. If the plaintiff indicates that he has further discovery demands, he should describe those demands in his communication with the court and explain why he believes he needs the items he is requesting. The court will evaluate that response and determine whether further discovery

is warranted. (The court notes that the summary judgment motions and the motion for default judgment are fully briefed; further discovery likely will considerably slow the court's ability to rule on those motions.)

The court **DENIES** the plaintiff's motion for sanctions. Dkt. No. 33.

The court **ORDERS** that by the end of the day on **June 23, 2023**, the plaintiff must notify the court whether he has any further discovery demands and if so, what discovery he seeks and why. The plaintiff must file his notice in time for the court to *receive* it by the end of the day on June 23, 2023.

Dated in Milwaukee, Wisconsin this 8th day of June, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
